UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MAKAYLA FRANCIS MORRIS | ) | CASE NO. 11-50147 |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| MAKAYLA FRANCIS MORRIS | ) | |
|     PLAINTIFF | ) | ADV. PROC. NO. 11-5020 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE | ) | |
| RURAL HOUSING SERVICE | ) | |
|     DEFENDANT | ) | |

### MEMORANDUM-OPINION

This matter comes before the Court on the Plaintiff's Motion for Summary Judgment, which seeks the return of $9,219.67 setoff by Defendant. Defendant objects and has moved for summary judgment on behalf of its agency, United States Department of Agriculture, Rural Housing Service ("USDA RHS"), seeking only to return $519.19 to Plaintiff. As discussed below, the Court finds that Defendant is entitled to summary judgment as a matter of law.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (E), and (G). The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

The parties have stipulated to the relevant facts by Agreed Stipulation of Facts filed with the

Court on October 15, 2012, as follows:

    Plaintiff is a calendar year taxpayer. Her tax year ends December 31.

    On September 17, 2003, Plaintiff and her husband at the time, Timothy D. Sullivan, jointly executed a note to J.P. Morgan Chase Bank, N.A. (the "Bank") for the purchase of residential real estate (hereafter, the "Loan"). At the same time, Timothy D. Sullivan and Plaintiff jointly executed a mortgage to the Bank.

    The Loan was guaranteed by the United States of America acting through the USDA RHS. In conjunction with their application for the guaranteed loan, the borrowers executed a "Request for Single Family Housing Loan Guarantee," which provided for the borrowers to reimburse USDA RHS if it paid a loss claim pursuant to its guarantee.

    Timothy D. Sullivan and Plaintiff divorced on December 18, 2006. The divorce is part of Court record. It provides that Timothy D. Sullivan is responsible for the USDA RHS debt.

    Subsequently, Timothy D. Sullivan and Plaintiff defaulted on the monthly payments on the Loan. The Bank foreclosed its first mortgage lien and the property was sold at a foreclosure sale.

    Pursuant to the guaranty agreement, on October 28, 2009, the United States of America acting through USDA RHS paid a loss claim to the Bank in the amount of $28,031.72.

    On January 20, 2012, USDA RHS sent a letter to Plaintiff addressed to the last known address in its system of records notifying her that USDA RHS paid a claim in the amount of $28,031.72 pursuant to its guarantee and demanded repayment pursuant to her promise to reimburse the agency for any loss claim paid on her behalf under the guarantee. A similar notice was sent to the co-debtor Timothy D. Sullivan.

    On February 13, 2010, and again on March 9, 2010, the USDA RHS sent a notice to Plaintiff informing her that USDA RHS intended to certify her debt for inclusion in the Taxpayer Offset

Program. The notice gave Morris 60 days to present evidence that such debt was not past due or not legally enforceable. Morris did not present any evidence that the debt was not past due or not legally enforceable.

At midnight of December 31, 2010 (or January 1, 2011), the United States of America (the "United States") became indebted to Plaintiff for refund of any overpayment of her 2010 Federal income taxes.

In January 2011, Plaintiff filed a Federal tax return, indicating that she was due a refund of $8,374.00. Part of this was her overpayment of taxes and part was refundable tax credits. A copy of her tax return is part of the Court record.

USDA RHS credited the Sullivan/Morris account based on payments from garnishments during the period September 2, 2010 to February 11, 2011. Defendant garnished a total of $637.93 from Plaintiff's paycheck in the 90 days prior to her bankruptcy petition.[1]

On February 11, 2011, the U.S. Department of Treasury (the "Treasury") sent a letter to Morris informing her that a Federal payment in the amount of $8,374.00 was being withheld by the Treasury as a result of a debt Morris owed to the USDA RHS.

On or about February 17, 2011, USDA RHS applied $8,357.00 to Plaintiff's debt. The Treasury withheld seventeen dollars of the tax overpayment as a servicing fee for the offset.

On February 23, 2011, Plaintiff filed her Chapter 7 bankruptcy petition. On May 4, 2011, Plaintiff filed the instant Adversary Proceeding, claiming that the $8,357.00 intercepted by the Treasury under the Taxpayer Offset Program was an avoidable preferential transfer. Plaintiff filed an Amended Complaint on June 23, 2011.

This Court granted Plaintiff a Chapter 7 discharge on July 8, 2011.

---

[1] Garnished funds appear to have been returned to Plaintiff and are not addressed herein.

The date ninety (90) days before the filing of the petition (the petition was filed on February 23, 2011) is November 24, 2010.

The first date within 90 days of the bankruptcy petition in which the parties had a mutual debt was December 31, 2010/January 1, 2011 (when Plaintiff developed an unliquidated claim for an overpayment.)

On December 31, 2010/January 1, 2011, Plaintiff owed USDA RHS $26,964.72. On this same date, the United States owed Plaintiff an unliquidated claim (the tax overpayment).

On February 17, 2011, the date of the offset, Plaintiff owed USDA RHS $26,445.53.

The debt to USDA was $27,238.17 on November 24, 2010. The debt to USDA on February 17, 2011, was $26,445.53 before the offset of $8,357.00; thus, the amount due on February 17, 2011, after the offset, was $18,088.53.

The United States calculates the insufficiency on December 31, 2010, or January 1, 2011, to be $18,607.72 and the insufficiency on February 17, 2011, the offset date, to be $18,088.53 and the difference between the two insufficiencies to be $519.19. The debt to USDA was $27,238.17 on November 24, 2010. The debt to USDA on February 17, 2011 was $26,445.53 before the offset of $8,357.00; thereby the amount due on February 17, 2011 after the offset is $18,088.53.

Conclusions of Law

Summary judgment is appropriate under Federal Rule of Bankruptcy Procedure 7056 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; *Celotex Corp. v.* 3 *Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court must decide only one issue here--whether and to what extent Plaintiff may, under

11 U.S.C. § 553(b), recover amounts setoff by Defendant. Under 11 U.S.C. § 553(b), a setoff may be recovered to the extent that the creditor in question "improved its position" within the 90-day period immediately preceding the debtor's bankruptcy petition. *U.S. Department of Agriculture Rural Housing Service v. Riley*, 485 B.R. 361, 367 (W.D.Ky. 2012). At the beginning of this adversary proceeding, the parties disagreed as to how such improvement in position should be measured, and the issue was somewhat unsettled within this jurisdiction.[2]

Fortunately, the U.S. District Court for the Western District Court of Kentucky (the "District Court") has now, in *Riley*, provided clear guidance on the issue. According to *Riley*, to determine whether 11 U.S.C. § 553(b) is applicable, courts must apply a three-part "improvement-in-position" test. *Id*. First, the court must determine the creditor's "insufficiency" at the time the setoff occurred–the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." *Id.*; 11 U.S.C. § 553(b)(2). Second, the Court must determine "what the creditor's insufficiency was on the 90th day immediately preceding the bankruptcy petition, *or if there was no insufficiency on the 90th day immediately prceding the bankruptcy filing, then on the first day in which there was an insufficiency*." *Id*. at 367-68 (emphasis added). Third, the Court must compare the two figures, and "if the insufficiency calculated in the first figure is less than the insufficiency calculated in the second figure, then there exists an impermissible preference, and the creditor must return the difference to the bankruptcy estate." *Id.* at 368.

Most significantly, *Riley* also clarified that there cannot be an insufficiency unless there are

---

[2]This case was held in abeyance for several months because its facts were substantially similar to those of *Riley*, which was then pending appeal before the District Court. On December 21, 2012, the District Court rendered its decision, effectively establishing guidelines for this Court to follow in the instant situation.

first mutual debts owing between the parties and that, in the case of tax refunds, the United States only becomes indebted to a taxpayer for a refund after the close of the tax year in question. *Id.* Thus, in this case, an insufficiency first arose on January 1, 2011.

The parties having stipulated to the amounts of the insufficiencies on the dates in question, the Court now need only engage in simple arithmetic to determine whether and how much Defendant must return setoff funds to Plaintiff. According to the stipulation, the insufficiency at the time of the setoff was $18,088.53 and the insufficiency at January 1, 2011 was $18,607.72. Therefore, Defendant must return only $519.19 to Plaintiff's estate.

## Conclusion

For the foregoing reasons, the Court concludes that Defendant is entitled to summary judgment and will order that Defendant need only return $519.19 to Plaintiff's estate. A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

*Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge

Dated: June 18, 2013